UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PGS USA, LLC                                CIVIL ACTION

VERSUS                                      NO: 16-6669

POPI TRADING, INC.                          SECTION: "J"(1)

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* **(Rec. Doc. 7)** filed by Defendant, Popi Trading, Inc., and an opposition thereto **(Rec. Doc. 12)** filed by Plaintiff, PGS USA, LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On May 20, 2016, PGS USA, LLC (PGS) filed this suit to recover money allegedly owed by Defendant. On June 20, 2016, Defendant filed the present motion alleging that this Court lacks subject matter jurisdiction. In short, Defendant argues that while Plaintiff has brought suit in this Court under 28 U.S.C. § 1332, from Plaintiff's complaint, it is unclear whether there is complete diversity between the parties. (Rec. Doc. 7-1.) On August 2, 2016, Plaintiff filed a timely memorandum in opposition to Defendant's motion to dismiss. (Rec. Doc. 12.) Plaintiff's memorandum seeks to clarify that there is complete diversity between the parties and

that this Court has subject matter jurisdiction over this dispute. *Id.* The motion is now before the Court on the briefs.

**PARTIES' ARGUMENTS**

**1.  Defendant's Argument**

Defendant argues that Plaintiff's complaint does not clearly and specifically allege the citizenship of the parties and thus this Court does not have subject matter jurisdiction over this dispute. (Rec. Doc. 7-1 at 1.) Defendant is a New York corporation with its principal place of business and primary executive offices in New York. *Id.* Defendant argues that while it is clear that Plaintiff is a limited liability company, whose member is a Louisiana limited liability company, and that the Louisiana limited liability company's sole member is an Italian società a responsabilità limitata, the members of the Italian entity are unknown. *Id.* at 2. Defendant argues that if Plaintiff cannot show complete diversity of citizenship that this case must be dismissed for lack of subject matter jurisdiction. *Id.* at 10.

**2.  Plaintiff's Argument**

Plaintiff argues that there is complete diversity of citizenship and that this Court has subject matter jurisdiction over this dispute. (Rec. Doc. 12.) First, Plaintiff argues that Defendant does not dispute that the amount in controversy exceeds the $75,000 threshold required to bring suit in federal court. *Id.* at 2. Thus, Plaintiff argues that there is no dispute that the

2

amount in controversy element to satisfy diversity jurisdiction is satisfied.

Second, Plaintiff argues that there is complete diversity between the parties. *Id.* Plaintiff argues that PGS is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana. *Id.* Further, Plaintiff argues that PGS is a single-member limited liability company whose sole member is PGS USA Holding, LLC. Plaintiff argues that PGS USA Holding, LLC[1] is also a single-member limited liability company whose sole member is B. Pacorini, S.r.l. (B. Pacorini) with its principal place of business in New Orleans, Louisiana. *Id.* According to Plaintiff, B. Pacorini is a società a responsabilità limitata organized under the laws of Italy with its registered office in Trieste, Italy, which is also where its officers and managers direct, control, and coordinate B. Pacorini's business. *Id.* Plaintiff further claims that B. Pacorini has no offices in the United States and that its owners are Emea, S.r.l., Luisa Pacorini, and Riccardo Marchesi. *Id.* at 3. Louisa Pacorini and Riccardo Marchesi are citizens of Italy and do not reside and are not domiciled in New York. *Id.* Further, Plaintiff argues that Emea, S.r.l. is a società a responsabilità limitata organized under the laws of Italy, with its registered office and principal place of business located in

---

[1] PGS USA Holding, LLC was formerly known as Pacorini Holding, LLC.

Trieste, Italy, which is also where its officers and managers direct, control, and coordinate Emea, S.r.l.'s business activities. Finally, Plaintiff argues that Emea, S.r.l. does not have an office in the United States and its owners are all residents and citizens of Italy and do not reside nor are domiciled in New York. *Id.* Accordingly, Plaintiff argues that because the amount of controversy exceeds $75,000, and there is complete diversity of citizenship between the parties, this Court has subject matter jurisdiction over this dispute.

## LEGAL STANDARD

For a federal court to have diversity jurisdiction over a claim 28 U.S.C. § 1332 requires that the amount in controversy "exceed [ ] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims. Additionally, 28 U.S.C. § 1332 requires complete diversity, mandating that all persons on one side of the controversy be citizens of different states than all persons on the other side. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). As to limited liability companies, the Fifth Circuit has concluded that:

> Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes § 12:1301(a)(10) overwhelmingly support the position that a [limited liability company] should not be treated as a corporation for purposes of diversity jurisdiction.

4

Rather, the citizenship of a LLC is determined by the citizenship of all of its members.

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In contrast, a corporation's citizenship is determined by every state and foreign state in which it is incorporated and every state and foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Further, a corporation's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

## DISCUSSION

Defendant does not challenge this Court's jurisdiction based on the amount in controversy. (Rec. Doc. 7.) Further, it appears that the $75,000 amount in controversy threshold is satisfied in this case.[2] Therefore, the sole issue this Court must resolve is whether there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332. Because PGS is a limited liability corporation, its citizenship is determined by the citizenship of its members. *Harvey*, 542 F.3d at 1080. PGS is a single-member limited liability company whose sole member is PGS USA Holding, LLC. (Rec. Doc. 12 at 2.) Therefore, this Court must

---

[2] Plaintiff's Complaint seeks $102,680.25 for money allegedly owed for breach of a rice shipping contract. (Rec. Doc. 1.)

determine the citizenship of PGS USA Holding, LLC's members. PGS USA Holding, LLC is also a single-member limited liability company whose sole member is B Pacorini, S.r.l. *Id.*

To resolve whether there is complete diversity of citizenship between the parties, the Court must determine the citizenship of B. Pacorini. The citizenship of B. Pacorini turns on whether a società a responsabilità limitata should be treated as a corporation or a limited liability company for purposes of diversity jurisdiction. This determination is important because the citizenship of a limited liability company is determined by the citizenship of its members, whereas the citizenship of a corporation is determined by every state and foreign state in which it is incorporated and every state and foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The Fifth Circuit and other courts have referred to a società a responsabilità limitata as a corporation,[3] while other courts have referred to these entities as limited liability companies. *Compare Anderson-Tully Lumber Co. v. Int'l Forest Prods., S.R.L.*, 306 F. App'x 858, 858 (5th Cir. 2009) (referring to International Forest Products, S.r.l. as an Italian corporation); *Med. Mktg. Int'l, Inc. v. Internazionale Medico Scientifica, S.R.L.*, No. 99-

---

[3] The references to a società a responsabilità limitata as a corporation were dicta and unessential to the courts' holdings. The only decision which the parties cite and that this Court could locate referencing a società a responsabilità limitata in a diversity of citizenship context was the Eastern District of New York's decision in <u>Icestone</u>. 2011 WL 4460505, at *1.

0380, 1999 WL 311945, at *1 (E.D. La. May 17, 1999) (referring to Internazionale Medico Scientifica, S.r.l. as an Italian corporation); *Icestone, LLC v. MATEC, S.R.L.*, No. 09-1292, 2011 WL 4460505, at *1 (E.D.N.Y. Sept. 9, 2011) (referring to MATEC, S.r.l. as an Italian corporation for purposes of diversity of citizenship); *with In re ARTIMM, S.r.L.*, 278 B.r. 832, 835, n. 1 (Bankr. C.D. Cal. 2002) ("S.r.l. is the acronym for 'società di responsibilitá limitata,' which translated literally from Italian means 'company with limited liability.' An S.r.l. is typically a privately-held company and is a procedurally less stringent form of company than an Italian stock corporation, or Società per Accione (S.p.A.). An S.r.l. is somewhat analogous to an American limited liability company, and is similar to a French société de responsibilité limitée (S.R.L.) and a German gesellschaft mit Beschrankter Haftung (GmBH)"); *The Gerffert Co. v. James Dean*, 41 F.Supp.3d 201, 204 (E.D.N.Y 2014) (noting that an S.r.l. is the Italian equivalent of a limited liability company); *HT S.R.L. v. Velasco*, 125 F.Supp.3d 211, 216 (D.D.C. 2015) (labeling Petitioner HT as an Italian limited liability company). Therefore, the Court shall determine if it has subject matter jurisdiction to resolve this dispute under both scenarios: (1) B. Pacorini as a limited liability company, and (2) B. Pacorini as a corporation.

1.    **Whether this Court has Subject Matter Jurisdiction if B. Pacorini is a Limited Liability Company**

If a società a responsabilità limitata is a limited liability company then B. Pacorini's citizenship is determined by the citizenship of its members. *Harvey*, 542 F.3d at 1080. B. Pacorini's members are Emea, S.r.l., Luisa Pacorini, and Riccardo Marchesi. (Rec. Doc. 12 at 5; Rec. Doc. 12-1 at 2.) Luisa Pacorini and Riccardo Marchesi are citizens of Italy and reside in Italy. *Id.* However, Emea, S.r.l. is also a società a responsabilità limitata. *Id*. Therefore, if a società a responsabilità limitata is a limited liability company, the Court must also determine the citizenship of Emea, S.r.l.'s members. Emea, S.r.l.'s members are Roberto Pacorini, Alessandra Pacorini, Elisa Pacorini, Enrico Pacorini, and Massimo Pacorini. (Rec. Doc. 12-1 at 3.) All of these individuals are citizens of Italy who do not reside in and are not domiciled in New York. *Id.* Thus, if a società a responsabilità limitata is treated as a limited liability company, then Emea S.r.l. is a citizen of Italy. If Emea, S.r.l. is a citizen of Italy then B. Pacorini is considered a citizen of Italy because all of its members are citizens of Italy. Consequently, if a società a responsabilità limitata is treated as a limited liability company there is complete diversity of citizenship between the parties and this Court has subject matter jurisdiction over this dispute.

### 2.     Whether this Court has Subject Matter Jurisdiction if B. Pacorini is a Corporation

If a società a responsabilità limitata is considered a corporation then B. Pacorini's citizenship is determined by every state and foreign state in which it is incorporated and every state and foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Again, a corporation's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Swindol*, 805 F.3d at 519 (quoting *Friend*, 559 U.S. at 80). B. Pacorini is organized under the laws of Italy. (Rec. Doc. 12-1 at 2.) Further, its officers and managers direct, control and coordinate its activities from its office in Triesta, Italy. *Id*. Accordingly, Triesta, Italy is B. Pacorini's principal place of business. Therefore, if a società a responsabilità limitata is treated as a corporation then B. Pacorini is a citizen of Italy, there is complete diversity of citizenship, and this Court has subject matter jurisdiction over this dispute.

### CONCLUSION

For purposes of this motion it is immaterial whether a società a responsabilità limitata is treated as a limited liability company or a corporation. Further, this Court makes no determination as to whether a società a responsabilità limitata should be considered a limited liability company or corporation. As explained above,

regardless of whether a società a responsabilità limitata is treated as a limited liability company or a corporation, there is complete diversity of citizenship between Plaintiff and Defendant in this case and this Court has subject matter jurisdiction over this dispute. Accordingly,

   **IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* **(Rec. Doc. 7)** is **DENIED**.

   New Orleans, Louisiana, this 12th day of August, 2016.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE